IN THE UNITED STATES DISTRICT COURT
FOR WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| BLAINE MCNUTT, | § | |
| Plaintiff, | § | |
| v. | § | Cause No.: 3:18-cv-40 |
| DILLARDS, INC., | § | |
| Defendant. | § | |

## Plaintiff's Motion to Remand

Plaintiff Blaine McNutt, by and through his undersigned counsel, hereby files this Motion to Remand this matter back to the 34th District Court for El Paso County from which it was removed. Plaintiff considers this motion to be a dispositive motion because granting it would terminate this case in this Court.

Remand is proper because neither diversity nor federal question jurisdiction is present. Diversity jurisdiction is lacking, because the matter in controversy does not exceed $75,000 exclusive of interest and costs. 28 USC § 1332(a). Federal question jurisdiction is lacking because plaintiff does not plead a federal cause of action and plaintiff's claim does not otherwise give rise to a federal question, because the claim (1)

1

does not depend on the interpretation of federal law and (2) is not "completely preempted" by federal law.

## Background

This is a very simple lawsuit. It involves one plaintiff, Mr. McNutt, one defendant, Dillards, Inc. (Dillards), and one shirt purchased by Mr. McNutt from Dillards. This is not a class action and no class allegations are plead. Mr. McNutt's state court petition is five pages long, with three additional pages of exhibits. Copy attached as Exhibit A for the Court's convenience.

The controversy giving rise to this lawsuit is that Mr. McNutt bought a shirt from Dillards that was labeled "100% Cotton (Pima) and long fiber staples," which shirt Mr. McNutt believes is not made of "100% Cotton (Pima) and long fiber staples." Mr. McNutt has only one cause of action that is brought under the Texas Uniform Declaratory Judgment Act. Plaintiff's Original Petition at 3 (attached as Exhibit A). The relief sought by Mr. McNutt is authorized by Texas state law as follows:

> (a) A person . . . whose rights . . . are affected by a statute [or] contract . . . may have determined any question of construction . . . arising under the . . . statute [or] contract . . . and obtain a declaration of rights . . . thereunder.
> (b) A contract may be construed either before or after there has been a breach.

2

Tex. Civ. Prac. & Rem. Code Ann. § 37.004 (West). Whether the declarations requested by Mr. McNutt should or should not be entered depend on only three things:

1. The legal determination, under Texas law, whether the actions of Dillards and Mr. McNutt in the offering for sale and purchase of the shirt at issue give rise to a contract and whether one of the terms of that contract is a requirement that the shirt contain "100% Cotton (Pima) and long fiber staples";

2. In light of the actions of Dillards and Mr. McNutt in the offering for sale and purchase of the shirt at issue, whether the requested constructions of the Texas Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code Ann. §§ 17.41-17.63 (West), are legally correct; and

3. Resolution of the factual question "is Mr. McNutt's shirt made of '100% Cotton (Pima) and long fiber staples'", which factual determination is the penultimate issue in this lawsuit.

## Argument

A defendant may remove a state court action only if the action could have originally been filed in federal court. *Aaron v. Nat'l Union Fire Ins. Co.*, 876 F.2d 1157, 1160 (5th Cir.1989) (citing *Caterpillar v. Williams*, 482 U.S. 386, 391–92, 107 S. Ct. 2425, 96 L.Ed.2d 318 (1987); 28 U.S.C. § 1441). Thus, the propriety of removal is keyed to the original jurisdiction of the federal district courts, and consideration of a motion to remand a case removed from state court presents issues of subject matter jurisdiction and

statutory construction. *Carpenter*, 44 F.3d at 365–66 (citing *Garrett v. Commonwealth Mort. Corp. of Am.*, 938 F.2d 591, 593 (5th Cir.1991)). The burden of establishing subject matter jurisdiction rests with defendant Dillards. *St. Paul Reinsur. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir.1998) (citing *Gaitor v. Peninsular & Occidental Steamship Co.*, 287 F.2d 252, 253–54 (5th Cir.1961)).

Statutes that authorize removal are meant to be strictly construed, and any doubt as to the propriety of removal should be resolved in favor of remand. *See Hood ex rel. Miss. v. JP Morgan Chase & Co.*, 737 F.3d 78, 89 (5th Cir.2013); *In re Hot–Hed Inc.*, 477 F.3d 320, 323 (5th Cir.2007). The removing party bears the burden of establishing jurisdiction. *See Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir.2001).

### *Diversity jurisdiction fails: The matter in controversy is less than $100*

Dillards recognizes in its Notice of Removal that for diversity jurisdiction to exist the matter in controversy must be more than $75,000 exclusive of interest and costs. Notice of Removal at 1; 28 USC § 1332(a). Dillards also recognizes that in a matter seeking declaratory relief "the amount in controversy is measured by the value of the object of the litigation." Notice of Remand at 3 (quoting *Mitchell v. ACSO of Tex. L.P.*, No. SA-10-CA-574-XR, 2010 U.S. Dist. LEXIS 99962, at *5 (W.D. Tex. 2010)).

4

Dillards argues that the $75,000 amount in controversy requirement is met because the cost to Dillards, if the relief requested by Mr. McNutt is granted, will be $251,655.00, which is the cost to Dillards of 6034 of the shirts at approximately $41.71[1] per shirt. *Id.* at 3-4. Finally, Dillards correctly recognizes that it bears the burden of proving by a preponderance of the evidence that the matter in controversy exceeds $75,000 exclusive of interest and costs. *Id.* at 4; *see also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (removing party "must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.")

Dillards has failed to meet its burden for two independent reasons. First, Dillards provides no evidence that the 6034 shirts it owns have the same fiber composition as the one shirt Mr. McNutt had tested and about which he sues. Instead Dillards tries to sidestep the issue and impermissibly shift the burden to Mr. McNutt. Dillards says:

> Plaintiff has not made allegations that this shirt suffered from a manufacturing defect, thereby making it different from other shirts of the same style. As such, the allegations in Plaintiff's complaint certainly impact more than just a single shirt.

---

[1] Based on Dillards' evidence the mathematical cost of each shirt is $41.7062, which rounded to the nearest penny is $41.71.

Notice of Removal at 4. As the Court can see from Plaintiff's Original Petition, Mr. McNutt also did not allege all the shirts of this type are the same or that they have the same fiber composition. Dillards must offer evidence that all the shirts have the same composition if their claims of $251,655.00 in controversy is to have any evidentiary basis.

Second, Dillards argument that the loss to defendant should be the measure of the matter in controversy is contrary to established Fifth Circuit authority. Dillards claims it would suffer a loss of $251,655.00: "At this time, Defendant has approximately $251,655.00 in inventory of the style of shirt at issue in this litigation, **which will have to be removed from its shelves** if this Court ultimately declares that the continued sale of this shirt constitutes a deceptive, illegal act under Texas law." Notice of Removal at 4 (emphasis added). The Fifth Circuit has long held that the amount in controversy must be viewed from the plaintiff's perspective when a plaintiff is seeking declaratory or injunctive relief, and the amount in controversy might be different from the plaintiff's perspective than from the defendant's. The correct perspective for measuring the amount in controversy is "[t]he *value to the plaintiff* of the right to be enforced or protected." *Alfonso v. Hillsborough County Aviation Auth.*, 308 F.2d 724, 727 (5th Cir.1962) (emphasis added). Numerous district courts in this circuit have

6

refused to consider the costs to the defendant in complying with an injunction when evaluating the amount in controversy for diversity purposes. *McPhail v. Lyft, Inc.*, A-14-CA-829-LY, 2015 WL 1143098, at *6–7 (W.D. Tex. Mar. 13, 2015); *see also Sims v. AT & T Corp.*, 2004 WL 2964983 (N.D.Tex. Dec.22, 2004). (rejecting AT&T's argument that AT&T's cost of compliance should be the measure of the amount in controversy); *Jackson County Airport Authority v. Igo*, 2005 WL 1595665 (S.D.Miss. June 13, 2005) at *3 (Fifth Circuit views the amount in controversy in a declaratory or injunctive relief case from the plaintiffs-viewpoint). [2]

Mr. McNutt purchased only two of this style shirt and sues about only one shirt. Affidavit of Blaine McNutt attached as Exhibit B. The cost of each shirt was approximately $29.95. *Id.* Mr. McNutt is the only plaintiff. Accordingly, the value of the matter in controversy, the object of the litigation, from Mr. McNutt's perspective is approximately $60.00. Even if the Court were to use the evidence submitted by Dillards to determine the value to Mr. McNutt, the result would still be less than $100. Dillards

---

[2] The holding in *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (1977) ("The value of that right is measured by the losses that will follow from the statute's enforcement."), which was cited by Dillards at pages 3-4 of its Notice of Removal is entirely consistent with the Fifth Circuits "plaintiff's viewpoint rule." Hunt was a collective action brought by a state attorney general on behalf of a group of plaintiffs. The Supreme Court merely found that <u>in aggregate</u> the cost to all the plaintiffs of enforcing the statute at issue exceeded the amount in controversy required.

evidence says the value of each shirt is $41.71. Mr. McNutt bought two shirts, but sues about only one shirt; thus, based on Dillards' evidence the most that is in controversy is $83.42 Viewed from the plaintiff's perspective, as required in the Fifth Circuit, no approach calculates an amount in controversy in this matter of over $75,000 exclusive of interest and costs.

In response to this motion Dillards may attempt to argue that Mr. McNutt's request for attorney fees under the Texas Declaratory Judgment Act can be used in an attempt to satisfy the $75,000 amount in controversy requirement. To so argue, however, would be frivolous. Mr. McNutt has not asserted any claims that would allow him to recover monetary damages or attorney's fees in federal court. When a declaratory judgment action is brought in state court under the Texas Declaratory Judgment Act and removed to federal court, the action is in effect converted to and treated as one under the federal Declaratory Judgment Act. *See I2 Techs. US, Inc. v. Lanell*, 2002 WL 1461929, at * 7 n.5 (N.D. Tex. July 2, 2002) (citing cases). The Federal Declaratory Judgment Act "does not by itself provide statutory authority to award attorney's fees that would not otherwise be available under state law in a diversity action," *Mercantile Nat'l Bank v. Bradford Trust Co.*, 850 F.2d 215, 218 (5th Cir. 1988), and the Fifth Circuit has held that "a party may not rely on the Texas DJA [Declaratory Judgment Act] to authorize attorney's fees in a

8

diversity case because the statute is not substantive law." *Utica Lloyd's of Texas v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998).

### *Federal question jurisdiction does not exist in this matter.*

In asserting that federal question jurisdiction exists, Dillards first concedes that under the well-pleaded complaint rule, Mr. McNutt has not asserted a federal cause of action. Notice of Removal at 5-6. Dillards invokes the "artful pleading rule" to argue two bases for federal question jurisdiction. First, Dillards argues that the relief requested by Mr. McNutt "depends on the construction of federal law" or "turns on the interpretation of federal law." *Id.* at 6. Dillards says the federal law at issue is the Textile Fiber Products Identification Act, 15 USC 70, et seq. (hereinafter TFPIA). Notice of Removal at 5. Second, Dillards argues that the TFPIA "completely preempts" Mr. McNutt's claim for declaratory relief, thus, creating federal question jurisdiction under the "complete preemption" doctrine. *Id.* at 6. Dillards argument is factually and legally wrong.

***Mr. McNutt's requested relief does not depend on interpretation of federal law.***

Mr. McNutt seeks only declaratory relief under the Texas Uniform Declaratory Judgment Act in this matter. Whether the declarations requested should or should not be entered depend on only three things:

1. The legal determination, under Texas law, whether the actions of Dillards and Mr. McNutt in the offering for sale and purchase of the shirt at issue give rise to a contract and whether one of the terms of that contract is a requirement that the shirt contain "100% Cotton (Pima) and long fiber staples";

2. In light of the actions of Dillards and Mr. McNutt in the offering for sale and purchase of the shirt at issue, whether the requested constructions of the Texas Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code Ann. §§ 17.41-17.63 (West), are legally correct; and

3. Resolution of the factual question "is Mr. McNutt's shirt made of '100% Cotton (Pima) and long fiber staples'", which factual determination is the penultimate issue in this lawsuit.

As the Court can see, to resolve the requested declaratory relief there is no need to interpret the meaning of any federal statute or regulation to answer these three questions. The answers might not be what Mr. McNutt hopes, and he might not get the declaration he expects, but Mr. McNutt has the right, as a matter of law, to fail to obtain the relief he

hopes for in the state courts, because federal courts are courts of limited jurisdiction and simply have no subject matter jurisdiction over this simple Texas declaratory judgment case.

Even if Dillards is able to pose some hypothetical way Mr. McNutt <u>could</u> prove his entitlement to a remedy by implicating a federal issue, this is insufficient to establish a federal question. If a federal issue is present as only one of multiple ways to support a particular claim this is insufficient to create federal jurisdiction. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 807–809, 811–813, 108 S. Ct. 2166, 100 L.Ed.2d 811 (1988). "A plaintiff is the master of his complaint and may allege only state law causes of action, even when federal remedies might also exist." *Elam v. Kansas City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir.2011). "[A] *defendant* cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 399, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).

Even if a federal question were implicated[3], which it is not, that question would not

---

[3] Dillards statement in its Notice of Removal: "Yet, Plaintiff would have this court legislate new regulatory refinements by requiring more precise identification of the cotton plant species involved;" Notice of Removal at 7, is pure fantasy and has not one word of support in Plaintiffs Original Petition.

11

be "substantial" because the issues in this case are "fact-bound and situation-specific" and depend on the factual determination of the composition of the one shirt at issue in this lawsuit as well as the situation specific conduct of Dillards and Mr. McNutt with respect to the purchase of the shirt at issue. *See Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 700–01, 126 S.Ct. 2121, 165 L.Ed.2d 131 (2006); *see also Marren v. Stout*, 930 F. Supp. 2d 675, 683 (W.D. Tex. 2013).

***The TFPIA does not "completely preempt" Mr. McNutt's Claim; thus, "complete preemption" is not a basis for federal question jurisdiction.***

In its Notice of Removal, Dillards did not cite or make any attempt to satisfy the Fifth Circuit's test for finding "complete preemption." Without satisfying that test Dillards as not shown federal question jurisdiction on the basis of "complete preemption". The Fifth Circuit's test is:

> To establish complete preemption, a defendant must demonstrate that:
>
> > (1) ***the statute contains a civil enforcement provision that creates a cause of action that both replaces and protects the analogous area of state***

---

Mr. McNutt asks the factfinder to determine if the statement that the shirt is made of "100% Cotton (Pima) and long fiber staples" is true or false as part of the Court's determination if the declaratory relief requested proper or not. This is a factual and situation specific inquiry.

12

> *law*; (2) there is a specific jurisdictional grant to the federal courts for enforcement of that right; and (3) there is a clear Congressional intent that claims brought under the federal law be removable.
> [*Gutierrez v. Flores*, 543 F.3d 248, 251–52 (5th Cir.2008)] Our former complete preemption test has been altered by the Supreme Court insofar as the Court "shifted the focus of the last part of [our] test from Congress's intent that the claim be removable, to Congress's intent that the federal action be exclusive." *Id.* (citing *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 11, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003)).

*Bellfort Enterprises Inc. v. PetroTex Fuels Inc.*, 339 Fed. Appx. 416, 418–19 (5th Cir. 2009) ( emphasis added).

Dillards' can never satisfy the first prong of the test: ***"the statute contains a civil enforcement provision that creates a cause of action that both replaces and protects the analogous area of state law,"*** because the TFPIA does not contain a civil enforcement provision that creates a cause of action of any kind for Mr. McNutt. As proof of this fact Mr. McNutt asks the Court to take judicial notice of the content of the TFPIA, a very short statute codified at 15 USC 70, et seq. A copy is attached for the Court's convenience as Exhibit C.

Moreover, the only two courts to consider whether the TFPIA preempts state law, completely or otherwise, have concluded the TFPIA does not preempt state law. *See Clark v. Citizens of Humanity, LLC*, 97 F. Supp. 3d 1199, 1208 (S.D. Cal. 2015) (TFPIA

13

does not preempt California consumer protection law); *Paz v. AG Adriano Goldschmeid, Inc.*, 14CV1372 DMS DHB, 2014 WL 5561024, at *6 (S.D. Cal. Oct. 27, 2014) (same).

*Raising TFPIA preemption as a defense cannot be a basis of federal question jurisdiction.*

Of course, the law is well settled that "a case may *not* be removed to federal court *on the basis of a federal defense*, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393, 107 S. Ct. 2425, 96 L.Ed.2d 318 (1987). *(emphasis* added); *see also Heimann v. Nat'l Elevator Industry Pension Fund*, 187 F.3d 493, 500 (5th Cir.1999). There is no way to envision the issues Dillards discusses in its Notice of Removal in any way other than as a defense.

## Conclusion

Mr. McNutt respectfully requests that his Motion to Remand be granted for the reasons stated above and because:

> Any ambiguities are construed against removal and in favor of remand to state court. *Id.* (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.2002)). "It is to be presumed that a cause lies outside this limited [federal] jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (internal citations omitted); *see also Mumfrey*, 719 F.3d at 397 (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir.2000)).

*Hood ex rel. Mississippi v. JP Morgan Chase & Co.*, 737 F.3d 78, 84–85 (5th Cir. 2013)

Respectfully submitted,

/s/ Michael Aaronson

MICHAEL AARONSON
Texas Bar No. 00785500
7362 Remcon Circle
El Paso, Texas 79912
T: (915) 533-0110
F: (915) 533-7227
Email: mikeaaronson@gmail.com


## CERTIFICATE OF SERVICE

I certify that a copy of the above pleading was served upon opposing counsel listed below via email and electronically via CM/ECF notice on this 2 day of March, 2018.

Mark N. Osborn: mosborn@kempsmith.com
Clara B. Burns: clara.burns@kempsmith.com

_____
Michael Aaronson